UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LOUIS SANTANELLI, ADAM LOUTFI, MICHAEL
INCORVAIA, BIJAN GAIMPANAKH,

                                         Plaintiffs,  **COMPLAINT**

                -against-

THE CITY OF NEW YORK, POLICE OFFICER           Jury Trial Demanded
ANTHONY PERRINI (tax # 949474), POLICE OFFICER
DANIEL HACHEMEISTER (tax # 949074), POLICE
OFFICERS JOHN AND JANE DOES 1-5,

                                          Defendants.

------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action against the City of New York and several New York City Police Officers alleging that defendants violated their rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting them and using unreasonable force on them. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiffs invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, assault,

battery and vicarious liability which form part of the same case and controversy as their federal claim under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff's claims under state law, notices of claim were duly filed with the City of New York within 90 days of the arrests of plaintiffs, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiffs' state law claims.

7. Plaintiffs testified at a 50-h hearing on December 2, 2013.

8. This action is brought within one year and ninety days of the arrests of plaintiffs.

## PARTIES

9. Plaintiffs are residents of the State of New York, County of Kings.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

2

## STATEMENT OF FACTS

12. Plaintiffs are employed college students without criminal records and without any prior arrests for marijuana.

13. On August 11, 2013, at approximately 9:30 p.m., plaintiffs walked to a park located on Bay 44th Street and Shore Parkway in Brooklyn to socialize with each other.

14. Pursuant to Section 1-03(a)(1) of the Rules and Regulations of the New York City Department of Parks and Recreation, this park was open daily from 6:00 a.m. to 1:00 a.m.

15. On the way to the park, plaintiffs ran into their friend Samantha Marinello.

16. Unbeknownst to plaintiffs, Marinello had a small amount of marijuana on her person.

17. While plaintiffs were sitting on a bench with Marinello near the entrance to the park, the defendants approached the group, asked them where the marijuana was located, and handcuffed each of them excessively tight without waiting for an answer and without probable cause.

18. The defendants searched plaintiffs without legal justification and found marijuana only on Marinello.

19. The defendants mocked plaintiffs by bragging about the amount of overtime that they were going to earn for the arrests.

20. Defendants took plaintiffs to the 60th Precinct for arrest processing. Upon entering the precinct, the defendants joked with the desk officer about the amount of overtime that they were going to earn for the arrests.

21. In the precinct, defendants did not issue plaintiffs *Miranda* warnings, they did not provide plaintiffs with food or water, they did not allow plaintiffs to use to the telephone, and they did not allow plaintiffs to use the lavatory for several hours.

22. Plaintiff Michael Incorvaia has only one kidney and suffered greatly by being denied use of the lavatory for several hours.

23. When plaintiff Bijan Gaimpanakh entered the lavatory to urinate, one of the defendants kicked open the door seconds later and told him to hurry.

24. While plaintiffs were in custody in the 60th Precinct, Officer Anthony Perrini, acting in concert with the other defendants, falsely charged plaintiffs with possession of marijuana.

25. On August 12, 2013, at approximately 3:30 a.m., defendants released plaintiffs from the 60th Precinct with desk appearance tickets directing plaintiffs to appear in criminal court on September 18, 2013.

26. Plaintiffs appeared in court on September 18 and the marijuana charges were adjourned in contemplation of dismissal with an accelerated dismissal and sealing date of October 1, 2013.

27. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were incarcerated for approximately six hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation and damage to their reputations. Also, plaintiff Adam Loutfi lost his job at a supermarket because he was unable to report to work the morning after his arrest.

## FIRST CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

28. Plaintiffs repeat the foregoing allegations.

29. At all relevant times, plaintiffs did not commit a crime or violation.

30. Despite plaintiffs' innocence, the defendants arrested plaintiffs.

31. Plaintiffs were conscious of their confinements, did not consent to their confinements and their confinements were not privileged.

32. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

33. Plaintiffs repeat the foregoing allegations.

34. Defendants' excessively tight handcuffing of plaintiffs and their refusal to loosen the cuffs was objectively unreasonable and caused plaintiffs pain and bruising to their wrists.

35. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (FAILURE TO INTERVENE UNDER THE FOURTH AMENDMENT)

36. Plaintiffs repeat the foregoing allegations.

37. All of the officers at the scene of plaintiffs' arrests had a reasonable opportunity to prevent the violation of plaintiffs' constitutional rights to be free from false arrest and unreasonable force but they failed to intervene.

38. Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for failing to take steps to prevent the false arrests of plaintiffs and the use of unreasonable force on them.

## FOURTH CLAIM

### (FALSE ARREST UNDER NEW YORK STATE LAW)

39. Plaintiffs repeat the foregoing allegations.

40. At all relevant times, plaintiffs did not commit a crime or violation.

41. Despite plaintiffs' innocence, the defendants arrested plaintiffs.

42. Plaintiffs were conscious of their confinements, did not consent to their confinements and their confinements were not privileged.

43. Accordingly, the defendants are liable to plaintiffs under New York state law for false arrest.

## FIFTH CLAIM

### (ASSAULT UNDER NEW YORK STATE LAW)

44. Plaintiffs repeat the foregoing allegations.

45. Defendants' tight handcuffing and body searches of plaintiffs placed plaintiffs in fear of imminent harmful and offensive physical contacts which injured plaintiffs.

46. Accordingly, the defendants are liable to plaintiffs under New York state law for assault.

## SIXTH CLAIM

### (BATTERY UNDER NEW YORK STATE LAW)

47. Plaintiffs repeat the foregoing allegations.

48. Defendants' tight handcuffing and body searches of plaintiffs were offensive and nonconsensual physical contacts which injured plaintiffs.

49. Accordingly, the defendants are liable to plaintiffs under New York state law for battery.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY UNDER NEW YORK STATE LAW)

50. Plaintiffs repeat the foregoing allegations.

51. Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

52. Accordingly, the City of New York is vicariously liable to plaintiffs under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiffs request the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED:    December 3, 2013

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)